# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-15-00066-CR
_____

### WILLIAM VANGERALD GORDWIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR31271**

## MEMORANDUM OPINION

A jury convicted William Vangerald Gordwin of felony possession of a controlled substance and, pursuant to a plea bargain agreement, the trial court sentenced Gordwin to twenty years in prison. In a single appellate issue, Gordwin contends that his trial counsel provided ineffective assistance by failing to communicate a plea bargain agreement offered by the State. We affirm the trial court's judgment.

To establish ineffective assistance, Gordwin must satisfy the following test:

>First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Allegations of ineffectiveness "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Id.*

Gordwin argues that his trial counsel rendered ineffective assistance at trial by failing to communicate a plea offer to him, in which the State offered him five years in prison. During trial, the State made an offer to Gordwin of twenty years in prison. The State explained that Gordwin had turned down previous offers of five

2

and fifteen years. Trial counsel told the trial court that he communicated the five-year offer to Gordwin and it was rejected. When the trial court asked Gordwin to confirm, Gordwin stated, "I don't remember, sir." Gordwin confirmed that the fifteen-year offer had been communicated and rejected. Gordwin proceeded to reject the twenty-year offer, but later agreed to the twenty years after the jury found him guilty of possession of a controlled substance. On appeal, Gordwin maintains that he was unaware of the five-year offer until the trial court mentioned the offer at trial.

The record does not indicate that Gordwin's motion for new trial alleged ineffective assistance. Moreover, Gordwin's stated inability to recall being apprised of the offer is insufficient to affirmatively demonstrate that trial counsel failed to communicate the five-year offer to Gordwin. *See Thompson,* 9 S.W.3d at 813. That trial counsel failed to communicate the offer is an allegation that must be firmly founded in the record before we may find that counsel provided ineffective assistance. *See id*. Accordingly, Gordwin cannot defeat the strong presumption that trial counsel's assistance was reasonable and professional. *See Bone,* 77 S.W.3d at 833; *see also Thompson*, 9 S.W.3d at 814. We overrule Gordwin's sole issue and affirm the trial court's judgment.

3

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 30, 2015
Opinion Delivered December 9, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.